Pedro ARENAS–CELAYA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–70250.

United States Court of Appeals,
Ninth Circuit.

Submitted May 25, 2010.*

Filed June 11, 2010.

Manuel Rios, III, Rios & Cruz, PS, Seattle, WA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

652

Patrick James Glen, Esquire, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Pedro Arenas–Celaya, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir. 2003), and de novo due process claims, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Arenas–Celaya's motion to reopen because it was filed more than two years after the BIA's May 19, 2005, order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final order), and Arenas–Celaya failed to establish grounds for equitable tolling, *see Iturribarria,* 321 F.3d at 897 (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"). It follows that Arenas–Celaya's due process claim fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th

*See* Fed. R.App. P. 34(a)(2).

Cir.2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

To the extent Arenas–Celaya challenges the BIA's October 27, 2003, order dismissing his underlying appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

